# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>SOUTHERN DIVISION</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 6:24-CR-415-ACA-JHE |
| | ) | |
| **BETTY JO COOLEY** | ) | |

### <u>DEFENDANT'S SENTENCING MEMORADUM</u>

COMES NOW the Defendant, Betty Jo Cooley, by and through her attorney, Michael W. Whisonant, Sr. and respectfully moves this Honorable Court to impose a sentence of no more than ten (10) months and in support of this memorandum says as follows:

### <u>Background</u>

On October 28, 2024, Mrs. Cooley was charged in a single count Information (Doc. 1) with violation of 18 U.S.C. § 1519, Falsification of Records. On January 14, 2025, Mrs. Cooley plead guilty to the single count Information filed in this case. Sentencing is scheduled for April 15, 2025.

Mrs. Cooley pled guilty pursuant to a written plea agreement. In that agreement the parties stipulated that the defendant have a cap of ten (10) months imprisonment in this case pursuant to Rule 11(c) (1)( C) *Fed. R. Crim. P*.

1

The United States Probation Office has prepared a pre-sentence investigation report (PSR) which includes, pursuant to the *United States Sentencing Guidelines*, a calculation with a total offense level of 18 and a criminal history category of I, resulting in a sentencing guideline range of 27 months to 33 months. (PSR ¶ 60)

Mrs. Cooley has not filed objections to the PSR, beyond a motion for a downward variance which is set out in another filed motion.

For the reasons set out in this memorandum, Mrs. Cooley asserts that a sentence of no more than ten (10) months is appropriate and would satisfy the statutory purposes of sentencing.

**Plea Agreement**

On January 14, 2025, Mrs. Cooley pled guilty to Count 1 of the Information and waived certain appeal rights in exchange for the government's recommendations. In that agreement the parties stipulated that the defendant have a cap of ten (10) months imprisonment in this case pursuant to Rule 11(c) (1) (C), *Fed. R. Crim. P*. Should the Court reject the plea agreement, either party may elect to declare the agreement null and void. In the event the Court rejects the plea agreement Mrs. Cooly should be afforded the opportunity to withdraw her guilty plea, pursuant to the provisions of Fed. R. Crim. P. 11(d)(2)A).

The stipulated sentence reflects a sentence that is lower than the advisory range. In the case of a plea agreement that includes a specific sentence outside the applicable guideline range for justifiable reasons, those reasons should be set forth with specificity in the statement of reasons form. See USSG §6B1.2(C). If the Court determines that there are no valid grounds for departure and/or variance, we request that the Court give Mrs. Cooley an opportunity to withdraw the guilty plea.

### Reasons Which Justify a Sentence of No More than 10 Months

The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. 3553(a). The factors set forth are:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

#### Circumstances of the offense

This case is about a false incident report. The false report was designed primarily to cover up the unreasonable use of force by Officer Jones. During an argument between Mrs. Cooley and an inmate regarding cell assignments, Officer Jones struck the inmate with a can containing O.C. spray. The blow cut the inmates'

face and it also released the O.C. spray into the cell. This action was an unreasonable use of force by Officer Jones.

The O.C. spray dispersed throughout the cell, causing physical irritation to the inmate, Office Jones and Mrs. Cooley. All three people required de-contamination. The spray not only got in their eyes, but it also covered their clothing. Mrs. Cooley was so severely affected she had difficulty seeing. She had to be taken home where she showered and changed clothes. She later returned to the jail, but her vision was impaired.

Mrs. Cooley advises that jail personnel are expected to file reports on all incidents occurring during their shift, by the end of the shift. When she returned to the jail, Officer Scott had already prepared a report. That report indicated that minimal defensive action was taken by Jones in response to aggressive movements by the inmate toward Mrs. Cooley. This was incorrect, as Jones was the aggressor, and his use of force was not justified. Mrs. Cooley signed the report thus adopting the contents.

## History and Characteristics of the Defendant

Mrs. Cooley is a 58-year-old woman. She was born in Jasper, Alabama and has lived almost her entire life in the northwestern area of Alabama. She was raised by her father and stepmother. During her childhood, her father and stepmother

divorced but later remarried. While her parents were divorced, she lived with her grandparents. While living with them, she suffered sexual abuse at the hands of her grandfather. And later by her uncle. (PSR ¶ 36) She has also been in an abusive relationships as an adult which are detailed in the PSR at paragraph 38. Because of her unstable home life, Mrs. Cooley was forced to attend several different grammar schools which was hard on her.

Mrs. Cooley married young and has been married three times. In 2021 she married her current husband, Vonzie Cooper. Vonzie has stood by Mrs. Cooly throughout this case and their marriage remains strong.

Mrs. Cooper entire criminal history consists of some traffic-related offenses for which she was fined. The PSR states that her criminal history score is zero which establishes a criminal history category of I. Were it not for failing to meet one (1) of the ten (10) criteria set out in §4C1.1(8) and the offense level falling into Zone D, Mrs. Cooley would be eligible for a two(2) point reduction in her offense level.

As noted in the character letters submitted to the Court, Mrs. Cooley is considered an honest, truthful, and hardworking member of the community. Lt. Richard DeJesus, who is retired from the Walker County Sheriff's office worked with Mrs. Cooley for fifteen (15) years. He had the opportunity to observe Mrs. Cooley and her interactions with inmates at the jail. He wrote of her dedication to

her job and her equal treatment of all inmates, who treated everyone equally. He describes Mrs. Cooley as dependable, honest, trustworthy, and kind. He believes she is a person of great integrity.

In light of the facts in this case, it is of particular note that three inmates or former inmates of the Walker County jail wrote character letters for Mrs. Cooley. A theme emerges from the letters. That theme is that Mrs. Cooley treated all the inmates with respect and dignity. She treated everyone the same. Kevin Kilgore wrote, "She was one of the best correctional officers I have ever met."

Aside from this single aberrant incident it appears that Mrs. Cooley was a person of integrity who always treated inmates in her charge with dignity.

(1) The need for the sentence imposed :

   (A)    To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

It cannot be argued that approving/submitting a false report by a law enforcement officer is a serious matter. The Criminal Justice system relies on truthful, accurate reports to operate. Mrs. Cooley made a mistake by adopting the report written by Deputy Jonse. The fact that she may have still been suffering from the effects of the O.C. spray to her eyes is not an excuse. Regardless of time pressures to file the report before the end of their shift, Mrs. Cooley could have

declined to sign the report until she was in a condition to properly review it. The fact that she trusted her fellow law enforcement officer to write an accurate report, also does not excuse her approval of the false report. She had a responsibility to submit an accurate report, and she did not.

Mrs. Cooley has already paid a terrible price for her actions. She was a career law enforcement officer with the Walker County Sheriff's Office. She had served in that capacity for more than twenty (20) years. She loved her job and was proud to be a member of the Walker County Sheriff's Office team. It was her identity, her life. She has irretrievably lost her career. She has lost not only a good, well-paid job, but also her retirement, her insurance, and all benefits that came with that job.

There has been a great deal of media coverage over an inmate death at the Walker County Jail. Based on media accounts, it appears that the death was the result of negligent conduct on the part of jail personnel. Mrs. Cooley had nothing to do with the inmate's death. However, the media paints with a broad brush. Mrs. Cooley is seen in the community as somehow being part of the incident. As a result, she has been shunned and treated poorly by her neighbors and others. Many consider her guilty of crimes she had nothing to do with.

    (B)    To afford adequate deterrence to criminal conduct;

A sentence of ten (10) months would send a signal to other law enforcement officers that the adoption of a false report can not only result in them losing their jobs, their retirement, and their benefits; it can also lead to their prosecution. This is a harsh punishment for a seemingly minor infraction, but a ten (10) month sentence along with its consequences is a powerful message of deterrence. I respectfully submit that such a sentence will promote respect for the law while providing a just punishment, proportional to the offense.

(C)  To protect the public from further crimes of the defendant;

This offense occurred while Mrs. Cooley worked in law enforcement as a correctional officer at the Walker County jail. With a felony conviction, it is extremely unlikely that Mrs. Cooley will ever work in law enforcement again. Mrs. Cooley has expressed to undesigned counsel that although she loved her career as a law enforcement officer, she does not ever wish to work in law enforcement again.

Mrs. Cooley has a Criminal History Score of Zero (PSR ¶ 30). She has been a law-abiding citizen for her entire life. It is extremely unlikely that Mrs. Cooley will commit any further crimes.

(D)  To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Mrs. Cooley does not need any educational or vocational training. Mrs. Cooley has worked at various jobs since graduating from high school in 1984. She was employed as a correctional officer at the Walker County Sheriff's Office for over twenty (20 ) years.

Mrs. Cooley has looked for employment since her resignation from the Walker County Sheriff's Office. She has visited or applied to more than fifty (50) businesses seeking employment. However, due to this pending case, she has not had any success finding a job. A list of companies she attempted to find employment with are included with her letter to the Court.

Mrs. Cooley suffers from various physical health conditions, but she is currently receiving medical treatment as necessary. Mrs. Cooley currently suffers from situational anxiety and depression due to the current legal proceedings and her inability to find employment. There is no reason to incarcerate her in order to provide her with medical care.

### Acceptance of responsivity

Mrs. Cooley accepted full responsibility for her actions without reservation. This is reflected in Mrs. Cooley's decision to forego an Indictment and proceed by an Information in this case. Mrs. Cooley met with the agents and attorneys in this case to provide information from her perspective about the facts. While the parties

did not always agree on all aspects of the facts, Mrs. Cooley tried to be as straightforward as possible.

Consistent with her decision to accept responsibility, Mrs. Cooley notified authorities in a timely manner of her intention to plead guilty, thus saving the government the time and expense of preparing for a trial. She answered questions posed by the PSR writer. She has done nothing to obstruct justice. She has always been polite, helpful, and cooperative.

### Plea Agreement and Recommendation From the Government

Mrs. Cooper and the government executed a plea agreement, under the terms of which the parties stipulated that the defendant have a cap of ten (10) months pursuant to Rule 11( c) (1)( C), *Fed. R. Crim. P*. The agreement does not affect the Court's discretion to impose any lawful fine or set any lawful conditions of supervised release. Should the Court reject the plea either party may elect to declare the agreement null and void. Should the defendant elect, she should be afforded the opportunity to withdraw her guilty plea, pursuant to the provisions of Fed. R. Crim. P. 11(d)(2)A).

Plea agreements are generally looked upon with favor by the parties and the Courts. Although the Court is not obligated to impose a sentence in accordance with a plea agreement, the Court is no doubt mindful that imposition of a sentence longer

than that contemplated in the agreement and recommended by the government would send a message to similarly situated defendants and to counsel that plea agreements may not be beneficial, perhaps leading to fewer such agreements.

## Argument

Mrs. Cooley did not use physical force against anyone. She was present and saw what happened. She was a victim of the O.C. spray, just like the inmate in this case. She did not draft a false report. She did, however, sign a false report, thus endorsing the report as accurate. She was suffering from the effects of the O.C. spray which was affecting her vision. She faced peer pressure from Officer Jones and time pressure to file the report. These do not excuse her actions, only give reference to the situation.

By all accounts, this was an aberrant action. Over a career of more than twenty (20) years, she has never been accused of similar activity. According to accounts from her co-worker and inmates who dealt with her while they were incarcerated, she was an honest, truthful correctional officer who treated them with compassion and respect. Signing a false document was out of character for Mrs. Cooley. An action she deeply regrets. In Mrs. Cooley's letter to the Court she expressed her remorse.

This single incident has cost her a career. She loved being a law enforcement officer and working at the jail. It was her identity. She is left with no job, pension, no insurance, or other benefits. She knows that she will never work in law enforcement again. So, at the age of 58 she has to find a new job and hopefully a new career.

The government's recommendation of a sentence below the guideline range speaks loudly to the government's assessment of the case and the defendant's role. She should not be painted with the broad brush of other correctional officers at the Walker County Jail. Considering this single, aberrant incident, at 10-month sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. 3553(a).

## SPECIAL REQUESTS

In the event that the Court imposes a sentence of incarceration Mrs. Cooley requests that she be allowed to report directly to her designated Bureau of Prisons facility.

In the event that the Court imposes a sentence of incarceration, Mrs. Cooley requests that the court recommend to the Bureau of Prisons that she be housed in a facility as close as possible to her home in Brilliant, Alabama. Undersigned counsel submits that the closest BOP facility for women is in Aliceville, Alabama

## CONCLUSION

In closing, should the Court see fit to impose a sentence of ten (10) months, it would likely fall within Zone B or C on the Sentencing Guideline Table. As such, she would be eligible for a sentence which would provide for a term of intermittent confinement, community confinement or home detention. §5B1.1(a)(2) and §5C1.1( c) (3). Mrs. Cooley respectfully asks this Honorable Court to impose a sentence which substitutes home confinement for a term imprisonment to the extent possible.

Respectfully submitted this 8th day of April, 2025.

*/s/ Electronic Signature*
MICHAEL W. WHISONANT, SR

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2025, the foregoing Notice was filed electronically with the Clerk of the Court, Northern District of Alabama, using the CM/ECF system to send notification of such filing.

*/s/ Electronic Signature*
MICHAEL W. WHISONANT, SR.
Attorney at Law

Of Counsel
Jaffe, Hanle, Whisonant & Knight, P.C.
2320 Arlington Ave. South
Birmingham, Alabama 35205
(O) (205)-930-9800
(C) (205) 903-9019